**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUES P. DUPUIS, | No. CV 08-6239-VBF(CW) |
|     Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED |
|     v. | |
| JUDGE JARED P. MOSES, | |
|     Respondents. | |

    This action was opened on September 22, 2008, by the filing of a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254), on behalf of a pro se petitioner, Jacques Dupuis, by one Jerald King, purporting to act as "next friend." Mr. King did not explain the basis for his claim of "next friend" standing, and did not supply an address for himself.[1] The only address provided on the petition is the address of the Antelope Valley Courthouse of the California Superior Court of Los Angeles County.

---

[1] On federal habeas petitions and "next friend" standing under 28 U.S.C. § 2242 see, e.g., Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153 (9th Cir. 2002).

1    The petition includes allegations that, on September 22, 2008, while Petitioner was attending a hearing in a state action which he sought to remove to federal court, he was arrested without probable cause and illegally detained.[2]  The petition does not make clear on what basis Petitioner was arrested or in what circumstances he was detained.  However, the petition does make clear that, at the time of filing, Petitioner was in some form of state custody, and that he challenged the legality of that custody and sought release from it.[3]  It is also clear, on the face of the petition, that, at the time of filing, Petitioner had not sought relief in any other state court.

There are two statutes under which a person in state custody may challenge the legality of that custody in federal court.  A person who is in custody pursuant to a state court judgment may seek habeas corpus relief under 28 U.S.C. § 2254; a person in state custody under some basis other than a state court judgment may proceed under 28 U.S.C. § 2241.  See Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003)(citing Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 503, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)(Rehnquist, J., dissenting)).  In either case, a petitioner must state a claim that the challenged custody is in

---

[2] The state action Petitioner sought to have removed was a misdemeanor case, No. 8AV06284.  His notice of removal was filed in this court in Case No. CV 08-5763-MMM(CT), and the matter was remanded to the state court in an order filed September 30, 2008.

[3] From the inmate information center of the website for the Los Angeles County Sheriff's Department, it appears that Petitioner was booked on September 22, 2008, under Booking No. 1633650, and was released that same day.

2

violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a).

Also, in either case, a petitioner must first exhaust any available state court remedies. For § 2254 petitions the exhaustion requirement is defined by statute at 28 U.S.C. § 2254(b)-(c). For § 2241 petitions by persons in state custody there is a common law exhaustion requirement based on principles of federalism and comity. See, e.g., Braden, 410 U.S. at 490 (exhaustion doctrine is "judicially crafted instrument" reflecting balance between federalism and need to preserve effectiveness of habeas remedy); see also McNeeley, 336 F.3d at 825-26; Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980); Pope v. Alameda County Sheriff's Dept., 2004 WL 231018 (N.D. Cal., Jan. 30, 2004).

Although the petition is far from clear, it appears to address some form of pre-trial custody, and should be brought, if at all, under 28 U.S.C. § 2241. However, it appears, from the face of the petition, that Petitioner has not presented his claims to the state courts or otherwise satisfied the exhaustion requirement.[4]

**ORDERS:**

Accordingly, it is ordered as follows:

1. On or before October 24, 2008, Petitioner shall file a response to this order in which he clearly and briefly explains (a) the nature of the custody he seeks to challenge, (b) the specific grounds under the federal constitution or laws on which he claims his present custody is illegal, (c) what steps, if any, have been taken to

---

[4] It is also unclear that "next friend" standing is appropriate or that it has been properly invoked. It is also unclear whether the petition names a proper respondent, and whether it may be moot.

exhaust these claims in the state courts, and (d) whether his petition has now been made moot by his release.

2. If Petitioner timely complies with this order, the court will issue further orders as appropriate; if not, this action may be subject to dismissal for failure to prosecute or to comply with court orders, as well as for the reasons discussed above.

DATED: October 6, 2008

/s/
CARLA M. WOEHRLE
United States Magistrate Judge